Bell, J.
—We are of opinion that there is no error in the judgment for which it ought to be reversed. The 7th and 9th clauses of the instructions of the court below to the jury are complained of. The 7th clause of the instruction reads as follows: “The defendant is a purchaser ■ in good faith, if you believe that the sale was not made for the purpose of hindering, delaying, or defrauding Coffee’s creditors, or, if fraudulently made, that Garahy was ignorant of Coffee’s intentions, or could not have known them by the exercise of reasonable diligence.” The 9th clause of the instruction is as follows: “If you believe, from the evidence, that Coffee made the sale or transferred the goods to Garahy for the purpose of delaying or defrauding his creditors, and that Garahy knew and assented to that design, or that Garahy might have known, by the exercise of necessary diligence, the intentions of Coffee, you will find for the plaintiff.”
The 7th clause of the ' instructions is correct as a general proposition, and the 9th clause is equally so, unless it be supposed that the jury might have been misled by the expression “necessary diligence,” instead of the expression “reasonable diligence,” used by the judge in *303 the 7th clause of the instruction. By the words “necessary diligence,” the judge doubtless meant that degree of diligence which the law requires a purchaser to exercise in order to he entitled to protection ás a purchaser in good faith. If the defendant had wished a more particular instruction to the jury on the subject of “reasonable” or “necessary” diligence, such an instruction should have been asked.
We are of opinion that the court below did not err in permitting the letter written by Coffee on the 13th November, 1857, to be read to the jury; nor in permitting the declarations of Coffee, made subsequent to the time of the sale or pretended sale to G-arahy, to go to the jury. The witness, Coffee, was introduced by the defendant, Garahy, and his testimony was relied on to establish a sale by himself to Garahy in October, 1857. The letter of the 13th November, and the subsequent declarations of Coffee were admissible to contradict the statements made by him on his direct examination.
We think the whole case was fairly left to the jury, that they were not misled by the charge of the court, and that their verdict is fully sustained by competent evidence.
The judgment of the court below is therefore
Affirmed.